**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05cv56-H**

| | |
|---|---|
| YESTERDAY'S TREE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| NATIONAL GRANGE MUTUAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's "Objections of Yesterday's Tree, Inc. to Umpire's Report," which plaintiff captioned in ECF as a "Response in Opposition to Umpire's Report." (#12) Respective counsel are cautioned to use care in how they caption their pleadings and the labels they apply when docketing their pleadings inasmuch as a "<u>Response</u> in Opposition to Umpire's Report" will not be viewed by the system as a motion seeking any relief from the court. As always, any pleading seeking any sort of relief from the court should be captioned and docketed as a <u>motion</u>: "[a]n application to the court for an order shall be by motion . . . ." Fed.R.Civ.P. 7(b)(1). In addition to such pleading, the court also has before it defendant's Response to Plaintiff's Objection to the Umpire's Report (#13), and plaintiff's Reply to Defendant's Response (#14).

In short, plaintiff objects to the umpire's report which awarded the insured little more than half the value of what its appraiser determined to be its loss. Defendant contends that the "objection" to the umpire's report is procedurally improper, and that plaintiff must move to have the award vacated and set aside in a properly amended pleading. Defendant's Response, at 2. Both parties appear to agree that the court needs to instruct them on a timetable for determining a schedule to amend pleadings, respond, conduct discovery , and

-1-

file appropriate motions and prepare for trial. Id., at 3; Reply, at 3-4.

Before the scheduling of a pretrial conference setting deadlines can be considered, the parties are obligated to first conduct a meeting of counsel and then file with the court a Certificate of Initial Attorneys Conference. See L.R. 16.1. Such request for a scheduling conference will be denied at this time.

Turning to the substantive issue, it would appear that defendant is correct that an objection to an umpire's report, while clearly sufficient to preserve the issue, is insufficient to join the issue of whether an umpire exceeded his authority under North Carolina law. Instead, it would appear from the reported cases that the proper mechanism would be for plaintiff to file a motion to set aside and vacate the umpire's decision. North Carolina Farm Bureau Mut. Insur. Co. v. Harrell, 148 N.C.App. 183 (2001). Since the decision in Harrell, the procedural requirement on which Harrell was based, *Arbitration and Award*, N.C.Gen.Stat. 1-567.13, was repealed, and Session Laws 2003-345, s. 4, provides that "[a]greements to arbitrate made before January 1, 2004, shall be governed by Article 45A of Chapter 1 [the repealed provision relied on in Harrell] , subject to the provisions of G.S. 1-569.3(b) . . . ." Inasmuch as the fire loss occurred before such date and the agreement to arbitrate was formed even earlier, it would appear that arbitration in this matter is governed by the repealed statute, subject to new Section 1-569.3. In turn, Section 1-569.3 provides that the *Revised Uniform Arbitration Act* applies to agreements to arbitrate made before January 1, 2004, where "all parties to the agreement or to the arbitration proceeding agree in a record that this Article applies." N.C.Gen.Stat. 1-569.3. The pleadings are silent, at this point, as to whether the parties have agreed to application of the *Revised Uniform Arbitration Act* to this claim.

There is, however, commonality between the repealed provision and the new law.

Under the repealed law, it was incumbent on an aggrieved party to file a motion to vacate where it was believed that an arbitrator 'exceeded their powers." N.C.Gen.Stat. 1-567.13 (repealed).  Similarly, the *Revised Uniform Arbitration Act* provides, as follows:

> (a) Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:
>
> \* \* \*
>
> (4)   An arbitrator exceeded the arbitrator's powers . . . . .

N.C.Gen.Stat. 1-569.23(a).

Defendant's argument may be read as to require plaintiff to allege "fraud, duress, or other impeaching circumstances" in order to call into question the arbitrator's decision.  Review of the statute reveals that malfeasance is a separate and distinct basis for judicial review, see § 1-569.23(a)(1) & (2)), as opposed to the misfeasance plaintiff, or "exceeding of powers," which plaintiff appears to allege, which is comparable to Section 1-569.23(a)(4).

Defendant further appears to allege that plaintiff must amend its Complaint to allege such a claim.  The court cannot, however, find any requirement to such effect, especially where the Complaint for breach of a contract of insurance was filed before the appraisal/arbitration was had.  However, the court does agree that the "objection" complies with neither the former procedure or the new procedure, and will require plaintiff to file its Motion to Vacate an Award within 15 days of receipt of this Order and state therein the specific basis for such motion as well as citation to the applicable provision of Chapter 1 of the North Carolina General Statutes.  As required by Local Rule 7.2, a memorandum of law shall accompany such motion. Within 14 days of service of such motion and brief, defendant shall file its responsive memorandum of law.  L.R. 7.1(B), and within 7 days of plaintiff's receipt of such response it shall either file its reply or notify the court in writing that it intends not to reply.  See L.R. 7.1(B).  The court cannot see how any discovery would be necessary on such issue inasmuch as the appraiser issued a written decision, which is already found in this court's record.

Respective counsel shall also be required to meet within 10 days of receipt of this Order,

either in person or by conference call, and fulfill their requirements under Local Rule 16.1, including conducting an Initial Attorneys Conference ("IAC"). The Certificate of Initial Attorneys Conference ("CIAC") shall b filed with the court no later than 15 days from receipt of this Order, and a Pretrial Order will issue promptly thereafter.

Finally, during the IAC, counsel shall discuss and determine whether the *Revised Uniform Arbitration Act* is applicable to this proceeding. If the *Revised Uniform Arbitration Act* applies, then the time clock is running on plaintiff. Assuming without deciding that plaintiff received notice of the award on or about May 5, 2006, Section 1-569.23(b) provides that an aggrieved participant has 90 days within which to file his motion to vacate. The parties should memorialize such agreement and file such with the court within 15 days of receipt of this Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) defendant's Response to Plaintiff's Objection to the Umpire's Report (#13) is **DEEMED** to be a Motion to Strike Objection, and such motion is **DENIED** without prejudice;

(2) defendant's Motion to Require Plaintiff to File a Motion to Vacate is, however, **ALLOWED,** as provided further below;

(3) plaintiff's "Objections of Yesterday's Tree, Inc. to Umpire's Report" (#12) are noted, and plaintiff is **INSTRUCTED** to file with the court its Motion to Vacate an Award within 15 days of receipt of this Order, accompanied by a memorandum of law, defendant is **INSTRUCTED** to file it responsive memorandum of law within 14 days of service of that motion, and plaintiff is **INSTRUCTED** to file its reply or notify the court of its intent to not file a

reply within seven days of service of the response; and

(4) the parties shall confer within 10 days of receipt of this Order, formulate a proposed discovery plan, submit a CIAC within 15 days of receipt of this Order, and discuss whether they want the *Revised Uniform Arbitration Act* to apply to the underlying appraisal, and file a separate designation as to such issue within 15 days of receipt of this Order.

Signed: June 29, 2006

Dennis L. Howell
United States Magistrate Judge